UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAWRENCE,<br>Plaintiff,<br>v.<br>COUNTY OF LOS ANGELES, et al.,<br>Defendants. | Case No. 2:21-cv-08254-FLA (MRW)<br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The court dismisses this action without prejudice due to the failure of a *pro se* litigant to amend his complaint in response to court orders.

1. This is a prisoner civil rights action. Plaintiff Lawrence was formerly a pretrial inmate at the Twin Towers county jail facility in Los Angeles, California. In a civil complaint filed in October 2021, Plaintiff generally alleged that he suffered from poor treatment from custodial and medical staff at the jail. Dkt. 2.

/ / /

/ / /

2. Magistrate Judge Wilner screened the complaint pursuant to 28 U.S.C. § 1915A.[1] Judge Wilner issued a lengthy screening order dismissing the action with leave to amend. The screening order noted numerous pleading defects with Plaintiff's complaint, including the failure to specifically identify alleged tortfeasors linked to acts that caused Plaintiff injury, and vague allegations against municipal parties. Dkt. 6. The screening order gave Plaintiff until January 2022 to file an amended complaint or voluntarily dismiss the action, or face dismissal of the action.

3. Plaintiff did neither. Instead, Plaintiff filed a change of address form with the court indicating that he had been moved from a local jail to state prison. Dkt. 7. In the interests of justice, Judge Wilner re-served the screening order on Plaintiff at his new facility. The filing date for an amended complaint was extended to March 18, 2022. Dkt. 8. Plaintiff subsequently requested an extension of that deadline. Dkt. 9. The court granted the request and extended the filing deadline to April 15, 2022. Dkt. 10.

4. Plaintiff again failed to amend his complaint. Judge Wilner issued an order to show cause, giving Plaintiff a final opportunity to cure the defects with his complaint. Dkt. 11.

5. In a one-page response, Plaintiff stated that he was "unable to show cause as to why the matter should not be dismissed." Dkt. 12. Plaintiff noted generally that his prison was on lockdown due to the Covid-19 pandemic. However, he provided no information about his access to the prison library or to other resources, or other information regarding the six-month delay in responding to the original screening order. Plaintiff vaguely asked the court to extend the action "until further notice or until Covid-19 is no longer an issue."

[1] Plaintiff failed to file a proper IFP application with the original complaint. As a result, the Clerk did not assign the action to the district and magistrate judges until he submitted those materials in late November 2021. Dkts. 1, 3. The matter was assigned to Judge Wilner in early December 2021. Dkt. 4. The court issued the screening order shortly after that. Dkts. 5, 6.

*Id.* To date, however, Plaintiff has submitted no additional information to amend his original defective complaint.

6. Fed. R. Civ. P. 41(b) ("Rule 41(b)") provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the court *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

7. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so." *Harris v. Magnum*, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019).

8. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. *Omstead v. Dell, Inc.*, 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

9. In the present action, the court concludes that dismissal of the action is appropriate. Plaintiff failed to amend his complaint after receiving an explanation of its problems from the magistrate judge, and several lengthy extensions of time to correct them. In the eight months since Plaintiff commenced this civil action, he has failed to respond substantively to the court's screening order about his defective complaint. Plaintiff's inability to do so demonstrates that he has no interest in advancing the action here.

10. By contrast, the court, the defendants, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose not to pursue his case by failing to comply with the court's screening order. Furthermore, because Plaintiff is a *pro se* litigant who admits that he is unable to advance the action, no sanction short of dismissal will be effective in moving this case forward. *Carey*, 856 F.2d at 1440. Plaintiff's alternative request (an indefinite delay of the action pending the outcome of the pandemic and the change of conditions at his prison) is unworkable. The court concludes that dismissal is appropriate under Rule 41(b). *Applied Underwriters*, 913 F.3d at 892.

11. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim. However, given the equities conveyed in Plaintiff's recent submission, the court exercises its discretion to dismiss the action without prejudice.

IT IS SO ORDERED.

Dated: July 18, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge

Presented by:

MICHAEL R. WILNER
United States Magistrate Judge